**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2011

No. 10-41065
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN JACKSON, also known as Kevin Selford-Peterson,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-957-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kevin Jackson appeals the 51-month sentence imposed after his guilty plea conviction for attempted illegal reentry. He asserts on appeal that the district court erred in imposing a 16-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because the government failed to prove that a New York district court imposed a sentence in excess of 13 months for his prior conviction for conspiring to distribute and possess with intent to distribute marijuana. The abuse-of-discretion standard applies to our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of sentencing decisions. *Gall v. United States*, 552 U.S. 38, 46 (2007). We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Charon*, 442 F.3d 881, 887 (5th Cir. 2006).

We have reviewed the record, including the documents obtained from the New York court regarding Jackson's sentencing for the prior offenses. These records show that Jackson's previous sentence was based on the marijuana conviction, rather than the racketeering conviction for which he was sentenced at the same time. Thus, the district court's finding that the 33-month sentence applied to the marijuana conviction "is plausible in light of the record read as a whole." *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006) (internal quotation marks and citation omitted). As a result, the district court did not abuse its discretion in imposing the sentencing enhancement, and the judgment of the district court is AFFIRMED. *See Gall*, 552 U.S. at 46.